# EXHIBIT 1



**R**YAN **M. L**ONG
**A**DMITTED IN **VT** AND **NY**
*rlong@primmer.com*
**T**EL**:** 802-864-0880
**F**AX**:** 802-864-0328

30 Main Street, Suite 500│ P.O. Box 1489 │Burlington, VT 05402-1489

**VIA EMAIL**

Evan J. O'Brien
Downs Rachlin Martin
199 Main Street
Burlington, Vermont 05401
eobrien@drm.com

**RE:** **Notice of Intent to Allow Existing Relationship with GWI to Expire, Demand to Cease and Desist from Further Unauthorized Access of East Central Vermont Telecommunications District's Data and Response to February 14 and 18, 2025 Letters**

Dear Evan:

On February 12, 2025, on behalf of the East Central Vermont Telecommunications District, I asked for confirmation that GWI intended to, or had, replaced existing local customer service with a call center and intended to eliminate its Vermont-specific department because, as I pointed out, that course is incompatible with the District's goals and fundamental purpose. I further demanded that GWI cease and desist from carrying out any such plan. Your two-page response on February 14, 2025, provided only legal argument and marketing-speak, but otherwise dodged that simple question and demand. GWI's lack of candor and cooperation is not well taken and appears intended to hide from the District actions GWI knows the municipality does not support.

The District and GWI are clearly not headed in the same direction. It is unfortunate that GWI has elected not to engage in an open discussion with the District about its ideas for using the business known by its trade name, ECFiber, or take the District's direction about how ECFiber is to be operated. As a result, the District intends to return to the pre-existing operating model which served the mission of providing broadband to all homes and businesses on the grid in the member towns of the special-purpose regional municipality for many years. This return to the "ValleyNet model" will be completed no later than January 1, 2026. The District is no longer interested in negotiating any extension of its existing relationship with GWI, which will expire at the end of this year. The District will reach out with details regarding the transition of ECFiber operations from GWI's services to GWI's successor. The District expects GWI to continue to carry out its obligations under the existing agreements and expects GWI's full cooperation with this transition.

In response to your February 18, 2025 letter:

Evan J. O'Brien
February 19, 2025
Page 2

First, from the detail in your letter specifically identifying the location of information in a secure East Central Vermont Telecommunications District workspace, it appears that GWI has, without authorization, used its administrator privileges to access the District's private network and email for the purposes of determining how the District learned of GWI's intention to fundamentally alter ECFiber operations. As mentioned earlier, the District is a municipality, and as you are aware its data relates to the critical communications infrastructure which it owns. Any unauthorized access of the District's data by GWI is a serious matter. GWI is to immediately revoke owner administrative credentials extended to any GWI operative other than the prior holder (understood to be Corey Klinck), and to extend owner privileges to the clerk of the District, its Secretary, Jeff Brand (which also constitutes one of the early steps facilitating the transition process). Going forward, GWI is not to access any District data, except as authorized. Further, please detail exactly which files GWI has accessed, so the District can fully investigate the extent of GWI's intrusion into District governmental and critical communications infrastructure data systems. Finally, to the extent GWI has accessed or retained any attorney-client privilege protected email, please provide a detailed list of what GWI has accessed and confirmation that all copies in GWI's possession have been destroyed.

Second, you accuse Mr. Flinn of essentially spying on GWI via a GWI employee. There is no basis in fact to support your accusations, and if I were GWI's counsel I would make sure my client's beliefs were corroborated by proof before signing my name to any pleading. Please forward any actual proof you have. As to your various demands regarding communications with employees, the District will continue to follow the operating agreement, as it always has, and does not agree to any new obligations.

Third, as GWI is clearly aware, the District received a video of a GWI meeting from a GWI employee. That video has been removed from the District's workspace.

Sincerely,

*/s/ Ryan Long*

Ryan M. Long, Esq.