# EXHIBIT 3

**EXHIBIT 3**



**Ryan M. Long**
Admitted in VT and NY
rlong@primmer.com
Tel: 802-864-0880
Fax: 802-864-0328

30 Main Street, Suite 500 | P.O. Box 1489 | Burlington, VT 05402-1489

February 12, 2024

**BY EMAIL AND FIRST CLASS MAIL**

Kerem Durdag
Chief Executive Officer
Biddeford Internet Corp. d/b/a Great Works Internet
40 Main Street, Suite 13-127
Biddeford, ME 04005
kdurdag@staff.gwi.net

**RE:    Cease And Desist Elimination And Replacement Of Local Customer Service And Unilateral Reorganization Of ECFiber's Operator, Request For Information, And Notice To Preserve Information.**

Dear Mr. Durdag:

  This firm represents East Central Vermont Telecommunications District ("ECFiber"). We have been made aware that Biddeford Internet Corp. d/b/a Great Works Internet ("GWI") intends to replace existing local customer service, which has supported ECFiber's customers for many years, with a non-local call-center, and has also determined to reorganize or has already reorganized to eliminate Vermont-specific services and expertise as embodied in a new organization chart (the "Plan"). I am writing now on behalf of ECFiber to direct you to immediately cease and desist and, to the extent the Plan has already been implemented, to immediately reverse course.

  GWI's Plan presents a major issue for ECFiber. ECFiber, not GWI, decides how ECFiber's business is structured and GWI is not entitled to unilaterally alter that structure. Pursuant to the February 22, 2016 Operating Agreement, the assignment to GWI, and the related operating protocols (collectively, the "Operating Agreement"), ECFiber is entitled to direct GWI, and GWI operates pursuant to ECFiber's instructions. To be clear, ECFiber is *instructing* GWI to cease and desist from its Plan.

  ECFiber and its constituent towns have labored for years to build a local fiber-optic network for local customers, and local customer service and expertise are the cornerstone of what ECFiber has accomplished. Elimination of local customer service and expertise was at no point been presented to or approved by ECFiber and undermines ECFiber's business, its goals, and its fundamental purpose and is simply unacceptable. Furthermore, such a fundamental change not only violates the Operating Agreement, it violates the spirit of the relationship between ECFiber

Biddeford Internet Corp. d/b/a Great Works Internet
February 12, 2025
Page 2

and GWI embodied in the Operating Agreement and our common goals. *Carmichael v. Adirondack Bottled Gas Corp. of Vermont*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993) ("[t]he implied covenant of good faith and fair dealing exists to ensure that parties to a contract act with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'") citing *Restatement (Second) of Contracts* § 205 comment a (1981). If GWI pursues the Plan, GWI will be in default of the terms of the Operating Agreement and ECFiber may consider termination in light of GWI's default. If GWI has already pursued the Plan, then GWI is currently in default and ECFiber directs GWI to reverse course pursuant to the Operating Agreement's 90-day cure period and return operations to pre-Plan status quo.

While the above is sufficient grounds for GWI to cease and desist from further pursuit of its Plan, GWI should also be aware that should GWI nevertheless pursue the Plan, it may jeopardize the status of ECFiber's bonds as tax-exempt debt, which will, in turn, jeopardize GWI. The relationship between ECFiber and GWI, where ECFiber structures and controls the network and associated business and GWI implements that plan, is intentionally structured to comply with federal tax laws. Any deviation from this proscribed relationship could have deleterious impacts to ECFiber; a situation that would be the result of GWI's unilateral and unauthorized actions.

As is clear from the Operating Agreement, the exclusive authority for the network and associated business rests with ECFiber. In short, they are ECFiber's assets and business and ECFiber, and only ECFiber, will decide how that business is structured. This is reflected in the fact that the Operating Agreement allows ECFiber's Governing Board to solely "develop, approve and promulgate general policies relating to Network operations." GWI is simply operating ECFiber's network and business as ECFiber directs. If GWI proceeds with the Plan, ECFiber will exercise any and all available legal remedies to enjoin GWI from proceeding, and will absolutely consider GWI's conduct and proposed new structure in any decision to continue to do business with GWI.

Please respond to this letter by no later than Friday, February 14 at 5:00 p.m., and confirm that ECFiber correctly understands GWI's Plan as described above, and whether GWI intends to implement the Plan. Please also provide any documents or information pertaining to the Plan, including, but not limited to communications concerning reallocation or termination of local customer service personnel or resources and any updated organizational charts.

Finally, GWI is put on notice of potential legal claims against it stemming from the Plan and violations of the Operating Agreement and the implied covenants contained therein. GWI therefore has certain legal obligations to protect documents that may have some bearing on any potential case or claims. From now until further notice, do not destroy any document that may have any relation to this matter. If there is any question about a particular document, please consult with me before destroying said document. Your obligations include disabling any automatic deletion or document destruction protocols that may exist. Any questions as to the scope of your obligations should be resolved in favor of preservation and retention.

Biddeford Internet Corp. d/b/a Great Works Internet
February 12, 2025
Page 3

Sincerely,

*/s/ Ryan Long*

Ryan M. Long, Esq.

cc: Tom Cecere (via email - tcecere@staff.gwi.net)